**FILED**
**Apr 17, 2024**
**12:44 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MIGUEL OLGUIN,** | ) | **Docket No.: 2023-08-6277** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AZTEC MASONRY, INC.,** | ) | **State File No.: 86864-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **BRIDGEFIELD CASUALTY INSURANCE CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |
| | ) | |

_____

## EXPEDITED HEARING ORDER GRANTING IN PART AND DENYING IN PART
## (DECISION ON THE RECORD)

_____

The Court held an expedited hearing on the record on Mr. Olguin's request for benefits relating to a November 15, 2021 injury. Specifically, he requests temporary benefits, an earlier appointment for pain management, and a second opinion on a denied disc replacement surgery.

The Court finds Mr. Olguin is not entitled to temporary total disability benefits, as his only treatment is for pain management, or to an earlier pain management appointment. However, he is entitled to a second opinion.

## History of Claim

Mr. Olguin alleged a back injury after a coworker dropped a heavy stone they were both carrying. He first saw Dr. John Lochemes, who ordered an MRI, which showed a ruptured disc without nerve compression. Dr. Lochemes ordered physical therapy and a nerve block, but they did not relieve Mr. Olguin's symptoms.

Dr. Lochemes then referred Mr. Olguin to a spine surgeon, and Mr. Olguin selected Dr. Glen Crosby from a panel. After another nerve block, Mr. Olguin still reported back pain radiating into his right leg.

Dr. Crosby ordered another MRI, which showed a collapsed and ruptured disc. He offered surgery, but Mr. Olguin wanted to try pain management with Dr. Phillip Green first. However, pain management and continued physical therapy failed to relieve Mr. Olguin's symptoms, so he returned to Dr. Crosby.

Dr. Crosby recommended a total disc replacement. Mr. Olguin wished to proceed, but Aztec submitted the surgery request to utilization review. Utilization review denied the surgery, and the medical director upheld the denial.

On July 17, 2023, Dr. Crosby stated in his final medical report that he believed Mr. Olguin would require future treatment. He also gave Mr. Olguin an impairment rating of 14%. For the date of maximum medical improvement, Dr. Crosby put "referral to pain management."

After being released from Dr. Crosby, Mr. Olguin returned to Dr. Green, who made a referral of additional pain management. Claims Specialist Anne Hoffman testified that as of March 6, 2024, five different pain management providers had declined to treat Mr. Olguin, including Dr. Green, and four other providers have not responded at all. Mr. Olguin testified that Pain Management Centers of America contacted him on March 7, and scheduled an appointment for October 14. He has requested a sooner visit if possible.

Mr. Olguin argued that he is not at maximum medical improvement based on Dr. Crosby's final medical report, but Aztec disagreed. Mr. Olguin also requested a second opinion from Dr. Crosby on the total disc replacement surgery. Aztec stated that since Dr. Crosby ordered the surgery, the request should be denied.

## Findings of Fact and Conclusions of Law

### *Evidentiary Rulings*

Before discussing the substantive decisions, the Court first considers the evidentiary objections raised by both parties.

Mr. Olguin made two sets of objections. His first set was to a note stating he did not show up to an appointment, and a nurse's note dated December 13, 2022. The Court sustains his objections because a doctor did not sign either document.

Mr. Olguin next objected to the employer's wage statement on the grounds that certain weeks had inaccurate pay information. The Court overrules the objection as to admissibility but considers his argument that the wage statement is inaccurate.

Aztec also made various objections. It first objected to Mr. Olguin's statement, "I have extreme pain constantlye [sic], bilateral facet disease, disc protrusion with significant canal stenosis" as a lay witness statement on expert matters. The Court overrules the objection to the extent that Mr. Olguin can testify to his pain but sustains the objection as to the part of the statement on his specific diagnoses.

Aztec next objected to the following on hearsay and relevancy grounds: "Patient Authorization for Release of Medical Records," a "Nurse's Note" dated June 23, 2023, two transcribed voicemail messages, a Form C-35A "Notice of Appeal Rights for a Utilization Review Denial," text messages and the email subject line accompanying those text messages, and the subject lines of two other emails. The Court sustains the objections to these documents.

Aztec additionally objected to an email from Mr. Olguin to the Bureau of Workers' Compensation on March 16, 2024; however this was merely an email to the court clerk and not submitted as evidence.

Aztec further objected to the entirety of Mr. Olguin's affidavit as irrelevant. This objection is overruled. The Court also overrules Aztec's objections to claims specialist Sheila Ulrich's statements as hearsay, given that she is a party opponent. Aztec's objection to Mr. Olguin's statement on the rock's weight he lifted is likewise overruled. While not an expert, Mr. Olguin can testify to how much he thinks it weighed.

Aztec also objected to Mr. Olguin's request for a second opinion and his challenge of the medical director's decision upholding the surgery denial. As to his request for a second opinion, the Court will consider his request, so the objection to this request is overruled.

However, to challenge the medical director's findings, Tennessee Compilation Rules And Regulations 0800-02-06-.07 (2022) requires a petition for benefit determination be filed within 15 calendar days of receipt of the denial. Mr. Olguin did not offer proof that he complied with the 15-day deadline. Further, he did not seek a review of the denial in his request for expedited hearing. Thus, the Court sustains the objection as to challenging the medical director's findings.

*Substantive Decisions*

Mr. Olguin has the burden of proving he is likely to prevail at trial on medical and temporary benefits for his back injury. Tenn. Code Ann. § 50-6-239(c)(6) (2023); *McCord*

*v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The law has a conclusive presumption about Mr. Olguin's entitlement to temporary total disability benefits. Tennessee Code Annotated section 50-6-207(1)(E) states that an employee "shall be conclusively presumed to be at maximum medical improvement when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain."

Here, though Dr. Crosby's final report does not list a date of maximum medical improvement, he wrote "referral to pain management" on the date of maximum medical improvement line. Dr. Green only treated him for pain and referred him solely for additional pain management. Thus, under the statute, Mr. Olguin is conclusively presumed to be at maximum medical improvement, and his request for reinstatement of temporary total disability benefits is denied.

As for his entitlement to a second opinion, section 50-6-204(a)(3)(C) permits this on the issue of surgery and diagnosis. This second opinion comes from a panel of two physicians practicing in the same specialty as the physician recommending the surgery. *Id.* If a panel of specialists has already been provided, the employee may choose from one of the two remaining specialists on the panel for a second opinion. *Id.* This position is reinforced by the Appeals Board, which has stated that a surgical recommendation is one way to trigger an employee's entitlement to a second opinion under section 50-6-204(a)(3)(C). *Bassham v. Lowe's Home Ctrs., Inc.*, 2023 TN Wrk. Comp. App. Bd. LEXIS 19, at *5 (May 1, 2023).

In this case, Mr. Olguin wishes to have a second surgical opinion. Therefore, the Court orders Aztec to supply a second opinion on the recommended total disc replacement surgery from a specialist chosen by Mr. Olguin from the remaining doctors on his original panel.

Although Mr. Olguin is entitled to a second opinion and surgery might be denied, Dr. Crosby remains Mr. Olguin's authorized treating physician. Section 240(d) allows parties to settle the issue of future medical benefits once reviewed and approved by a judge. But "[u]nless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury." *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Sept. 12, 2017).

The Court has not terminated Mr. Olguin's benefits; therefore he is still entitled to reasonable and necessary medical treatment causally related to his work injury. That includes a return visit to his authorized treating physician, Dr. Crosby.

For his upcoming pain management appointment in October, the Court finds that Aztec has made reasonable attempts to locate different providers and a sooner appointment for his pain management. Thus, the Court cannot order an appointment be made sooner at this time. That said, if Aztec's efforts do result in a provider who is willing to see Mr. Olguin sooner than October, the Court requests that they communicate that earlier date to Mr. Olguin.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Olguin's request to have temporary disability benefits reinstated is denied.

2. Mr. Olguin's request for a second opinion on his total disc replacement surgery is granted.

3. Mr. Olguin's request to have a sooner pain management appointment is denied.

4. The Court sets **a status conference for June 17, 2024, at 1:30 p.m. Central Time.** The parties must call **866-943-0014**. Failure to call might result in a determination of the issues without the party's participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The insurer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions as to compliance, please contact the Workers' Compensation Compliance Program by email to WCCompliance.Program@tn.gov.

**ENTERED April 17, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Employee Affidavit
2. Employee-filed Medical Records (Excluding Filings Found Inadmissible)
3. Employee Wage Information
4. Employee Wage Statement
5. Employer-filed Medical Records (Excluding Filing Found Inadmissible)
6. Affidavit of Anne Hofmann
7. Affidavit of Sheila Ulrich
8. Petition for Benefit Determination, with Exhibits
9. Dispute Certification Notice, with Objections
10. Request for Scheduling Hearing, with Affidavit
11. Request for Expedited Hearing, with Affidavit
12. Wage Statement
13. Executed Physician Panels
14. Medical Benefit Payout Ledger
15. Temporary Disability Benefit Payout Ledger
16. The Medical Director's Denial of Total Disc Replacement at L5

Marked for Identification:
1. Employer document 0005
2. December 13, 2022 Nurse's Note
3. Patient Authorization for Release of Medical Records
4. June 23, 2023 Nurses Note,
5. Two transcribed voicemail messages filed on February 7, 2024,
6. Form C-35A "Notice of Appeal Rights for a Utilization Review Denial
7. Text messages, and email subject line accompanying those text messages,
8. Two emails filed by Mr. Olguin on March 21, 2024

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, with Objections
3. Request for Scheduling Hearing, with Affidavit
4. Request for Expedited Hearing, with Affidavit
5. Motion for Hearing on the Record
6. Employer's Prehearing Brief
7. Employer's Witness and Exhibit List
8. Order Granting Motion for Hearing on the Record
9. Order on Filing Medical Records for Expedited Hearing
10. Employee's Motion to Reconsider Hearing on the Record
11. Order Denying Motion to Reconsider Hearing on the Record
12. Employer's Objections to Employee's Filings

13. Employee's First Objections to Employer's Filings (Objections to Medical Records)
14. Employee's Second Objections to Employer's Filings (Objection to Wage Statement)

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on April 17, 2024.

| Name | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|
| Miguel Olguin, Employee | X | X | 941 Clarington Drive Southaven, MS 38671 BinCasR8@protonmail.com |
| Nicholas Peterson, Employer's Attorney | | X | nick.peterson@petersonwhite.com garrett.belcher@petersonwhite.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*Attach an additional sheet for each additional Appellee *

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*